# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN ANTONIO CONTRERAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-708-D |
| ) | |
| JOEL ROGALSKY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution in El Reno, Oklahoma ("FCI-El Reno") and appearing pro se, brings this action pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging in an amended complaint that his constitutional rights have been violated because prescribed medications were confiscated during a search of his cell on August 10, 2007 [Doc. No. 10]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Joel Rogalsky, the sole named defendant, moves to dismiss the amended complaint for failure to plead the alleged violations with sufficient specificity [Doc. No. 30], and Plaintiff has responded to the motion [Doc. No. 33]. Defendant filed a reply to Plaintiff's response [Doc. No. 34], to which Plaintiff has responded [Doc. No. 35], and the matter is at issue. For the reasons set out below, the undersigned recommends that the motion to dismiss be granted and that Plaintiff be granted leave to file a second amended complaint.

**Plaintiff's Complaint**

In describing the background of his case, Plaintiff alleges that on August 10, 2007, Defendant Rogalsky, FCI-El Reno Unit A manager, entered his cell at approximately 9 a.m., woke Plaintiff, ordered him out of the cell, and began confiscating Plaintiff's property. Amended Complaint at electronic page 2.[1] Plaintiff describes the subsequent events as follows:

> Plaintiff then entered the cell and searched for his prescribed medications (approximately 10 medications)as he was due to take his dosages.
>
> Plaintiff could not find his medication in his locker or his cell. Plaintiff began feeling ill because he could not take his medications. Plaintiff then asked Unit A Officer to search for his medictions among the property that had been confiscated. The officer could not find the medications. Plaintiff began feeling very ill.[2]

*Id.* at 2-3. Plaintiff claims that he suffered "injuries . . . caused by [his] inability to take his prescribed medications because Defendant had illegally and in contravention of rules and policy, confiscated the medications." Id. at 3. He claims further that his medical condition was "life-threatening, requiring five days of hospitalization[]" where he was subjected to "several surgical and bodily invasive medical procedures causing additional physical pain and suffering, mental pain and anguish, fear and horror of death." *Id.* at 3. Plaintiff alleges that his overall health and physical abilities have been severely affected. *Id.*

---

[1]For ease of reference, citations to page numbers of the amended complaint refer to the electronic page number.

[2]Unless otherwise indicated, quotations in this report are produced verbatim.

Based on these allegations, Plaintiff raises three causes of action. In Counts One and Three, he alleges that Defendant's unauthorized confiscation of his prescribed medications constituted cruel and unusual punishment and deliberate indifference to a serious medical need in violation of the Eighth Amendment. Amended Complaint, at 5 and 7. In Count Two, Plaintiff alleges that the confiscation of his medications violated his due process rights under the Fifth Amendment. *Id.* at 5. Plaintiff seeks declaratory relief and monetary damages against Defendant Rogalsky in his individual capacity. *Id.* at 8 and 11.

In the motion to dismiss, Defendant argues that Plaintiff's factual allegations, even if accepted as true, are insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009) because the amended complaint, stripped of its conclusory assertions, fails to plead facts showing that Defendant was deliberately indifferent to Plaintiff's serious medical needs when he removed certain property from Plaintiff's cell.

## DISCUSSION

### I. <u>Standard of Review - Motion to Dismiss</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *(overruled on other grounds, Twombly*, 550 U.S. at 562-563)). In order to show an "entitlement to relief" a plaintiff must plead "more than labels

and conclusions . . . ." *Twombly*, 550 U.S. at 555. Thus, "a formulaic recitation of the elements of a cause of action will not do[]"; rather, the initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id.* In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face[]" not just conceivable. *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

Thus, two working principles underlie the Court's decision in *Twombly*: (1) the tenet that a court must accept a complaint's allegations as true is inapplicable to "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"; and (2) in order to survive a motion to dismiss, a complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56). The Court in *Iqbal* recognized that determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense, but specifically held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Legal conclusions can provide the complaint's framework, but they must be supported by factual allegations. *Id.* When a complaint contains well-pleaded factual allegations, a court should assume their

4

veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1940-41.

In addition, the filings of a pro se litigant must be construed liberally, and a pro se litigant's complaint may be construed as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110-11 (10th Cir. 1991) (citation omitted). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110).

## II. Sufficiency of the Complaint

### A. Deliberate Indifference - Counts One and Three

In Counts One and Three Plaintiff alleges a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. Amended Complaint at 3 and 5.

The conditions of a prisoner's confinement are properly subject to scrutiny under the Eighth Amendment's prohibition against "cruel and unusual punishments." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25 (1993)). Not only does the Eighth Amendment place constraints on the behavior of prison officials, it also imposes on them the duty to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and the duty to take reasonable measures to guarantee prisoner safety. *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)). A prison

5

official cannot, however, be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement absent a showing of "deliberate indifference" to a substantial risk of serious harm to an inmate. *Id.* at 828, 834. To establish deliberate indifference, an inmate must show that the prison official (1) was "aware of the facts from which an inference of excessive risk to the prisoner's health or safety could be drawn," and (2) "actually drew an inference that such potential for harm existed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Farmer*, 511 U.S. at 837 (noting that deliberate indifference under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety). Thus, the analysis of *Bivens* claim brought on the basis of an alleged Eighth Amendment violation encompasses an objective standard, that the deprivation is sufficiently serious such that the plaintiff was denied the minimal civilized measure of life's necessities, and a subjective standard, that the defendant official possessed a sufficiently culpable state of mind associated with the unnecessary and wanton infliction of pain. *See Farmer*, 511 U.S. at 834. For the reasons discussed hereafter, the undersigned finds Plaintiff's allegations insufficient under these standards to survive Defendant's motion to dismiss his Eighth Amendment claim.

Defendant contends that Plaintiff has failed to plead facts alleging that Defendant was deliberately indifferent to a substantial risk of serious harm to Plaintiff.[3] Defendant's

---

[3]Defendant relies on Plaintiff's failure to satisfy the subjective component and therefore does not address the sufficiency of the Plaintiff's factual allegations to satisfy the objective component, that the medications confiscated related to a sufficiently serious medical need. The undersigned notes, however, that although Defendant refers to "ten prescribed heart medications" (Defendant's
(continued...)

Motion, pp. 6-7. Specifically, Defendant argues that notwithstanding conclusory allegations, Plaintiff fails to plead facts demonstrating that Defendant "knew of Plaintiff's health condition, knew that Plaintiff's medications were among the property seized, or knew that taking Plaintiff's medications would cause him serious harm." Defendant's Motion, p. 3.

The undersigned begins the analysis of the amended complaint by "identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Plaintiff asserts that:

> Defendant maliciously and sadistically confiscated prescribed medications that he had no legal authority to confiscate . . . . Defendant while acting under color of federal law, in confiscating prescribed medications, was deliberately indifferent to Plaintiff's serious medical needs and interfered with a prescribed form of medical treatment . . . and knew that by confiscating medications, which were clearly labeled and current, he placed Plaintiff at substantial risk of injury and death.

Amended Complaint at 6.

The undersigned finds that these conclusory, "naked assertions" amount to the sort of "formulaic recitation of the elements" of a constitutional claim that the Court in *Twombly* and *Iqbal* found were not entitled to be assumed true. *Twombly* at 554-555; *Iqbal* at 1951. Thus, such allegations are not entitled to an assumption that they are true. *Id.*

Next, the undersigned has considered the well-pleaded factual allegations contained

---

[3](...continued)
Motion, p. 2) the amended complaint fails to provide any facts regarding the nature of the medications allegedly confiscated, the nature of the medical condition for which such medications were prescribed, or the causal link between the deprivation of the medication and the subsequent hospitalization.

7

in the amended complaint to determine whether such allegations "plausibly suggest an entitlement to relief." *Iqbal* at 1951. In support of his Eighth Amendment claim, Plaintiff simply states that Defendant, identified as the Unit A Manager, entered his cell one morning and began confiscating Plaintiff's property and that upon Plaintiff's return to his cell he was unable to find his prescribed medications, and was thus prevented from "taking needed doses[]" and suffered injury. The Tenth Circuit has held that if the allegations in a complaint are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974). Thus, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id. See also Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged.").

Moreover, it is clear that cell searches and confiscation of inmates' property are part of prison life. The Tenth Circuit has thus noted that context is particularly relevant to the plausibility of prisoner civil-rights claims:

> Nowhere in the law does context have greater relevance to the validity of a claim than prisoner civil-rights claims. Prisons are a unique environment, and the Supreme Court has repeatedly recognized that the role of the Constitution within their walls is quite limited. Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison. Consequently, a prisoner claim will often

not be plausible unless it recites facts that might well be unnecessary in other contexts.

*Gee v. Pacheco*, 627 F.3d at 1185.

Plaintiff's claim that his medication was included in the property confiscated by Defendant in the context of a cell search is an allegation that could also be consistent with negligent or unintentional conduct. As Defendant points out, Plaintiff has speculated but failed to plead any factual basis for concluding that Defendant was aware that the confiscated property included medications critical to Plaintiff or that the temporary deprivation of Plaintiff's property would cause him serious harm.[4] *See Farmer*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Deliberate indifference requires "a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Because Plaintiff's factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' "that the pleader is entitled relief." *Iqbal*, 129 S.Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

For these reasons, the undersigned finds that the allegations set forth in the amended complaint do not provide the factual support necessary to state a *Bivens* claim under the Eighth Amendment. Accordingly, Defendant's motion should be granted and such claims

---

[4] Although Plaintiff alleges that the medications were labeled with his name and identification number, he does not provide any facts regarding the location of the medication from which the court could reasonably infer that the medication was intentionally confiscated by Defendant during the search of his cell. Amended Complaint at 6.

dismissed without prejudice.

**Due Process - Count Two**

In Count Two, Plaintiff alleges that Defendant denied his Fifth Amendment right to due process. Such claim is, like his other claims, based on Plaintiff's allegations that Defendant confiscated his prescription medications. Amended Complaint at 3. As support for this claim, Plaintiff alleges only that "Defendant's confiscation of prescribed medications placed Plaintiff at risk of death without due process authority to inflict death." *Id*. p. 5. Defendant contends that as with the Eighth Amendment claim, Plaintiff has failed to state a cognizable claim in this regard because he has failed to allege facts that show Defendant was deliberately indifferent to Plaintiff's serious medical needs. Defendant's Motion, p. 8 (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that the Due Process Clause "is simply not implicated by a negligent act of an officials causing unintended loss of or injury to life, liberty, or property.")).

The undersigned agrees that Plaintiff's Fifth Amendment claim of denial of due process is conclusory and without supporting factual averments sufficient to state a claim on which relief can be granted. *Hall v. Bellmon*, 935 F.2d at 1110. *See also Iqbal*, 129 S.Ct. at 1949 (allegations that are mere conclusions are not entitled to the assumption of truth). As discussed in connection with his Eighth Amendment claim, Plaintiff has failed to set forth sufficient facts showing that Defendant purposefully and intentionally deprived him of prescribed medications. This pleading insufficiency renders his Fifth amendment due process claim likewise implausible. *See Twombly*, 127 S.Ct. at 1965 ("the plaintiff must

provide 'more than labels and conclusions, or a formulaic recitation of the elements of a cause of action"). The undersigned finds that Plaintiff's vague, unsupported and conclusory due process claim fails to state a claim on which relief may be granted. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (stating that the court "should dismiss claims which are supported only by vague and conclusory allegations") (citation omitted); *Amsden v. Moran*, 904 F.2d 748, 757 (1st Cir. 1990) ("Charges that substantive due process was denied cannot rest on conclusory allegations or rhetoric alone (even impassioned rhetoric)."). Accordingly, Defendant's motion to dismiss Plaintiff's claim in Count Two should also be granted.

**Conclusion**

In sum, even giving Plaintiff's pro se complaint a liberal construction, the undersigned finds that the deprivations alleged in the amended complaint do not rise to the level of violations of the Eighth Amendment or the Fifth Amendment.[5] Because it appears that at least some of the complaint's deficiencies might be curable, if the motion to dismiss is granted, the undersigned further recommends that Plaintiff be given an opportunity to file a second amended complaint. *See Gee v. Pacheco*, 627 F.3d at 1195 ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that plaintiff cannot

---

[5]In his response to the motion to dismiss, Plaintiff attempts to allege additional facts to support his Eighth Amendment claim. *See* Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. No. 33], pp. 3–5 (setting forth facts to support his claim that Defendant "was fully aware of plaintiff's medical conditions since May 26, 2006"). Because such facts are not included in the amended complaint, they have not been considered in determining the sufficiency of the complaint.

11

prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 30] be granted. If the motion to dismiss is granted, it is recommended that Petitioner be given an opportunity to file an second amended complaint addressing some of the deficiencies noted herein. Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 21st day of March, 2011. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of February, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE